## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ROBERT DE JESUS,**

      **Plaintiff,**                          **CASE NO.:**

**v.**

**J.S. WEIPZ ENTERPRISES, INC.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT DE JESUS, by and through undersigned counsel, brings this action against Defendant, J.S. WEIPZ ENTERPRISES, INC., and in support states as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hernando County, Florida, which lies within the Middle District.

## PARTIES

4.     Plaintiff is a resident of Hillsborough County, Florida.

5.     Defendant operates a south-eastern fuel hauling company in Brooksville, in Hernando County, Florida.

## GENERAL ALLEGATIONS

6.      Plaintiff have satisfied all conditions precedent, or they have been waived.

7.      Plaintiff have hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff request a jury trial for all issues so triable.

9.      At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12.     Defendant continues to be an "employer" within the meaning of the FLSA.

13.     At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15.     Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA

16.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

17.    Plaintiff began working for Defendant as a truck driver in or around April 23, 2018, and he worked in this capacity until August 2018.

18.    At all times material hereto, Plaintiff worked hours at the direction of Defendant, and he was not paid the applicable minimum wage for all of the hours that he worked.

19.    Defendant failed to pay Plaintiff his statutory minimum wage for all of his hours, in violation of the FLSA.

20.    Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

21.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22.    During the statutory period, Plaintiff worked for Defendant, and he was not paid a minimum wage for the hours that they worked, as mandated by the FLSA.

23.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

24.    As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b)    Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c)      An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d)      To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)      A declaration that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)      All costs and attorney's fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demand a trial by jury as to all issues so triable.

Dated this 16th day of July, 2019.

Respectfully submitted,

*/s/Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 37061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: twells@wfclaw.com
**Attorney for Plaintiff**